# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: May 24, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| SUSAN GRIGOLA, | * | |
| | * | No. 15-1032V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for Dismissal Decision; |
| AND HUMAN SERVICES, | * | Influenza ("Flu") Vaccine; |
| | * | Rheumatoid Arthritis. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | | |

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
Adriana Teitel, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

On September 16, 2015, Susan Grigola ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of an influenza ("flu") vaccine received on October 4, 2012, she subsequently suffered injuries including rheumatoid arthritis. Petition at 1.

On May 23, 2017, petitioner's counsel filed a motion for a decision dismissing her petition. Petitioner's Motion. The motion provides: "Petitioner believed that the influenza vaccine she received on October 4, 2012, was the cause of her rheumatoid arthritis. Unfortunately, under the circumstances of her case, including the complicating fact of petitioner's death… from acute myelocytic leukemia, petitioner's family does not believe that it can be proven that the vaccine was more likely than not the cause of her illness. Therefore, following a thorough investigation, petitioner's family believes they will be unable to prove that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

she is entitled to compensation in the Vaccine Program." Id. at ¶ 1. Petitioner's family has been advised that a decision by the Special Master dismissing the petition will result in a judgment against her. Id. at ¶ 3. Petitioner's family has been advised that such a judgment will end all of her/ their rights in the Vaccine Program. Id.

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1). Under the Vaccine Act, petitioner may not be given a Program award based solely on her own claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1).

An examination of the records does not uncover any evidence that petitioner suffered a "Table Injury," or that her injuries were "actually caused" by the flu vaccine received on October 4, 2012. Petitioner did submit two reports from an expert supporting causation between the flu vaccine and her rheumatoid arthritis. Petitioner's Exhibit 37, filed March 29, 2016; Petitioner's Exhibit 83, filed September 30, 2016. The case was complicated by the fact of petitioner's death from acute myelocytic leukemia on August 24, 2016. To date, petitioner's expert has not opined that the flu vaccine caused petitioner's death. Additionally, respondent, through his own expert, has vigorously disputed petitioner's expert's theory.

During a status conference on March 28, 2017, I observed that this case involved a complicated immune theory and there was litigative risk on both sides. The possible damages are limited and due to the volume of cases in the Vaccine Program, the earliest possible dates for an entitlement hearing are in October 2018. I encouraged the parties to pursue the possibility of settlement. On May 2, 2017, respondent indicated that he would not consider settlement. On May 23, 2017, petitioner's counsel filed a motion for a dismissal decision, indicating that he and petitioner's family had thoroughly investigated the matter and determined that proceeding further would be unreasonable. Based on my review of the case, I agree that it is appropriate to dismiss the case.

Accordingly, it is clear that the record does not contain any evidence that petitioner suffered a "Table Injury." Furthermore, it cannot be proven that petitioner's injuries were "actually caused" by the October 4, 2012 flu vaccine. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**/Thomas L. Gowen**
Thomas L. Gowen
Special Master

2